IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON SPARKS,

        Petitioner,

    v.                                      CASE NO. 11-3025-RDR

C. CHESTER,

        Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, a federal prisoner, alleges he was improperly denied prerelease placement in a Residential Reentry Center (RRC).

*Factual background*

Petitioner is incarcerated under a 150-month aggregate sentence imposed in the U.S. District Court for the District of Nevada. His projected release date is December 23, 2016.

Petitioner has been evaluated for RRC placement. In August 2010, his placement at Leavenworth was found to be appropriate, in view of his custody needs, programming needs, institutional history, and recommendation of the sentencing court.

In February 2011, his Unit Team found no basis for transfer to a lower security facility. In March 2011, the Unit Team completed a detailed RRC review and determined that there was no basis for an immediate transfer to an RRC, noting that a 180-day period of RRC placement should be adequate for petitioner to transition into society. (Doc. 7, Attach. 2, Ex. G.)

**Discussion**

A district court may issue the writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal prisoner may pursue habeas corpus relief under § 2241 to challenge the execution of a sentence. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005).

Where a prisoner challenges the period of time he may be allowed placement in an RRC, the appropriate relief is an order directing the BOP to undertake the individualized review required by law. *See Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007)(affirming grant of habeas corpus relief and requiring BOP to consider factors in 18 U.S.C. § 3621(b) to evaluate possible transfer to RRC).

*Legal framework*

The legal authority for RRC placement of federal prisoners was outlined by the Tenth Circuit as follows:

> Before 2008, § 3624(c) limited the time for which an inmate could be eligible for such transfer to the final six months or ten percent of his sentence, whichever was less. 18 U.S.C. § 3624(c)(2000). The Second Chance Act of 2007, Pub.L. No. 110-199, § 251, 122 Stat. 657, 692 (2008), amended the statute to provide for the current eligibility time frame of twelve months.
>
> Prior to that amendment, BOP had utilized a categorical approach to community confinement requests: it would only designate inmates to RRC facilities during the last ten percent of the sentence being served so long as that period did not exceed six months. See Community Confinement, 70 Fed. Reg. 1659, 1659 (January 10, 2005)(codified at 28 C.F.R. pt. 570 (2005))(finalizing rules regarding categorical exercise of discretion for designating inmates to community confinement); see also Community Confinement, 69 Fed. Reg. 51,213, 51,213-14 (Aug. 18, 2004)(proposed categorical rules); *Wedelstedt v. Wiley*, 477 F.3d 1160, 1162-63 (10th Cir. 2007)(discussing regulations codifying

categorical approach); *Woodall*, 432 F.3d at 239-41 (same). In *Wedelstedt*, we invalidated BOP's categorical approach, holding that BOP's "categorical refusal to consider the five statutory factors [set forth by 18 U.S.C. § 3621(b)][1] is in direct conflict with the clear congressional command that the factors be considered if a transfer is sought or recommended." 477 F.3d at 1167.

After the eligibility period for community confinement in 18 U.S.C. § 3624(c) was expanded to twelve months, BOP issued an interim rule, revising its regulations to reflect that expansion. See Pre-Release Community Confinement, 73 Fed.Reg. 62,440, 62,443 (Oct. 21, 2008)(codified at 28 C.F.R. § 570.21(a)(2009))(interim rule revising BOP regulations to conform with the Second Chance Act of 2007). BOP subsequently issued two memoranda providing guidance to its staff regarding the proper implementation of the amended statutes while BOP was undergoing formal rulemaking to revise more permanently its regulations. The first memorandum, issued on April 14, 2008, addressed the statutory changes following the Second Chance Act of 2007, emphasizing that the pre-release time frame for RRC and CCC had been increased to twelve months and that there was no percentage limitation on time to be served. Additionally, the memorandum instructed staff that they must make prerelease placement decisions "on an individual basis in every inmate's case" and the "the Bureau's categorical timeframe limitations on pre-release community confinement… *are no longer applicable and must no longer be followed.*" R. at 65; see also id. at 67 ("Bureau staff *must* approach every individual inmate's assessment with the understanding that he/she is now *eligible* for a maximum of 12 months pre-release RRC placement.") Staff were instructed to review inmates for pre-release placements at an earlier time, e.g., seventeen to nineteen months before their projected release dates, and to consider pre-release inmates on an individual basis using the five factors from 18 U.S.C. § 3621(b).

The second BOP memorandum, issued on November 14, 2008, addressed inmate requests for transfer to RRCs when more than twelve months remained from their projected release date (that is, non-prerelease inmates) In relevant part, the memorandum instructed staff that they could not

---

[1] The five factors enumerated in § 3621(b) are: (1)the resources of the facility contemplated; (2) the nature and circumstances of the prisoner's criminal offense; (3) the history and characteristics of the prisoner, (4) any statement by the sentencing court concerning the purposes of the sentence or the type of facility for incarceration; and (5) any relevant policy statement issued by the Sentencing Commission.

automatically deny a non-pre-release inmate's request for pre-release transfer, but must give each request individualized consideration. *Id*. at 74-75. ("In other words, staff *cannot* say that an inmate, whatever the circumstances, is *automatically ineligible* for transfer to a RRC. Rather, staff must first review the inmate's request on its individual merits…."). However, if an inmate were to request transfer prior to the pre-release time frame of twelve months, although staff must individually consider the request, they were instructed that there was "no need" to perform immediately the statutorily prescribed individualized review. *Id.* at 75. Rather, the inmate should be informed that the request would be fully reviewed in conjunction with the next scheduled Program Review. Staff were cautioned that they should not inform the inmate that he or she was *ineligible* for transfer because "[t]elling an inmate that he/she is ineligible for RRC placement is the same as *automatically* denying the inmate from even being considered for such placement, and is not in accord with Bureau Policy." *Id*. The second memorandum also stated that "[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement and the Regional Director concurs." *Id*. at 76. *Garza v. Davis*, 596 F.3d 1198, 1202-03 (10th Cir. 2010).

The materials submitted to the court show the petitioner has been reviewed on several occasions. At a program review conducted on August 6, 2010, he sought immediate placement in an RRC for the remainder of his sentence. This request was rejected with a notation that no compelling basis for an extended RRC placement was identified. (Doc. 7, Ex. E., p. 82, Program Review).

At petitioner's February 7, 2011, Program Review, staff noted his request for a furlough transfer to Federal Prison Camp-Terre Haute, but denied that request.

On March 3, 2011, staff conducted a formal Review for RRC placement which specifically addressed the five factors identified

in § 3621(b). The Unit Team recommended placement of 180 days in an RRC. (Ex. G, pp. 98-100.)

The Bureau of Prisons has relatively broad discretion in determining the place a federal prisoner serves a sentence. Under §3621(b), the BOP is permitted to "designate any available penal or correctional facility…that [it] determines to be appropriate and suitable." In exercising its discretion under the Second Chance Act, the BOP has the authority to place a prisoner in an RRC for up to 12 months, but § 3624(c) mandates only that "to the extent practicable" a prisoner be allowed to serve "a portion of the final months" of incarceration in such a setting. The decision concerning an RRC placement is to be made on an individual basis, in a manner consistent with § 3621 to promote "the greatest likelihood of successful reintegration into the community." 28 C.F.R. § 570.22.

Thus, the Second Chance Act allows the BOP to exercise its discretion in determining the length of time a prisoner spends in an RRC setting even though the SCA extended the time for such a placement to 12 months from 6. *See Bun v. Wiley*, 351 Fed. App'x 267, 268 (10th Cir. 2009)(unpublished)(the SCA does not entitle a prisoner to 12 months in an RRC).

The record clearly shows both that the BOP applied the five factors identified in § 3621(b) in the RRC evaluation conducted in March 2011, and that the program reviews gave detailed, individualized consideration to petitioner's progress on identified objectives. Having examined the record, the court finds no abuse of discretion

in the decision that a 180-day placement in an RRC setting was sufficient in petitioner's case.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order would not be taken in good faith and therefore denies petitioner leave to proceed in forma pauperis on appeal. If petitioner files a notice of appeal, he must also pay the full $455.00 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

**Dated: May 3, 2013**              **s/ Julie A. Robinson**
                                    **United States District Judge**